```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ESTATE OF LEON TWARDY,<br><br>          Plaintiff,<br><br>     v.<br><br>LAKES OF LARCHMONT CONDO<br>ASSOCIATION, et al.,<br><br>          Defendants. | Civil No. 15-6501 (NLH/AMD)<br><br>OPINION |

**APPEARANCES**:

FRANCIS TWARDY
P.O BOX 262
BIRMINGHAM, NJ 08011
     Appearing *pro se* on behalf of the Estate

**HILLMAN, District Judge**

     Francis Twardy is the executor of his father's estate, which is the plaintiff in this action. Twardy filed a complaint on behalf of the Estate against Lakes of Larchmont Condo Association and other individual defendants for their alleged actions to collect condo fees and other fees and costs from the Estate, which owns a condo in Lakes of Larchmont. The Estate claims that defendants have violated the Fair Debt Collection Practices Act, Fair Credit Reporting Act, and New Jersey law.

     Twardy filed his complaint *pro se*, and is seeking to proceed without prepaying fees or costs pursuant to 28 U.S.C. § 1915 ("in forma pauperis"). The Court must deny Twardy's IFP application because § 1915 is not applicable to an estate. The

Third Circuit Court of Appeals has explained why:

> In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995). The court reviews the litigant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*. Id. In cases where leave is granted, the court thereafter considers the separate question whether the complaint should be dismissed as frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B). See id. (discussing the standard for dismissal in former § 1915(d), which is now set forth in § 1915(e)(2)(B)). . . . Only natural persons may proceed *in forma pauperis* under 28 U.S.C. § 1915. Rowland v. California Men's Colony, 506 U.S. 194, 196 (1993). Because an estate is not a natural person, it may not so proceed.

Gray v. Martinez, 352 F. App'x 656, 658 (3d Cir. 2009).

Consequently, because the plaintiff in this case is the Estate of Leon Twardy, and as an estate it cannot be considered a natural person under 28 U.S.C. § 1915, the Estate's IFP application must be denied.

The viability of the Estate's action is not ensured, however, even if the Estate paid the court filing fee. The executor of the Estate, Francis Twardy, is not an attorney and is prosecuting the claims of the Estate. The United States Supreme Court in Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) reinforced the rule that corporations and other artificial entities may appear in federal court only through counsel. Thus, it is highly questionable whether an executor of an estate who is not an attorney may file suit on behalf of an estate. See, e.g., In re Olick, 571 F. App'x 103,

2

106 (3d Cir. 2014) (citing Rowland, 506 U.S. at 201-02) (other citation omitted) (finding that a *pro se* trustee may not represent the trust in federal court because he is not an attorney and without counsel the trust may not appear in federal court); c.f. Gray, 352 F. App'x at 656 n.1 (citing Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997)) (noting that the appeal also raised a question as to whether Gray, as a non-lawyer, may represent the estate, but not reaching the question because the decision was based on the holding that the estate may not proceed *in forma pauperis*); Caputo v. Forceno, No. CIV. A. 15-1911, 2015 WL 2089401, at *2 (E.D. Pa. May 5, 2015) ("Federal courts generally will only permit a non-attorney to proceed *pro se* in her capacity as the administratrix of an estate when she is the sole beneficiary and the estate has no creditors.") (citing Johnson v. Marberry, 549 F. App'x 73, 75 (3d Cir. 2013) (per curiam) (pro se litigant could not prosecute claims on behalf of estate/heirs); Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007) (per curiam) ("[I]f the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court."); Jones ex rel. Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005) ("'[W]hen an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own, because the personal interests of the

3

estate, other survivors, and possible creditors will be affected by the outcome of the proceedings.'")).

Thus, the Court will deny the Estate's IFP application. If Francis Twadry wishes to pursue claims on behalf of the Estate, the Estate must pay the appropriate filing fee. Twadry must also obtain counsel to represent the Estate in prosecuting the Estate's claims, or demonstrate to the Court that he permitted to pursue the Estate's claims *pro se*, as discussed in the caselaw cited above.

An appropriate Order will be entered.

Date: May 18, 2016          s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.